McFarland, J.,
delivered the opinion of the court:
This actiou of ejectment was brought by several persons, who, according to the proof, were the children and grandchildren of John R. Shipman, deceased, Elisha Shipman being one of the number. Said Elisha died pending the action, and the cause was revived in the name of his heirs. Upon the trial the verdict and judgment were in favor of the heirs of Elisha Shipman, but against the other plaintiffs.
The plaintiff’s case was made in the following manner: It was proven that the defendant, Washington Reed, said, when served with the process in this case, and, perhaps, on other occasions, that his father, R. J. Reed, owned the land and had put him in possession. It was further proven that about November, 1869, R. J. Reed prosecuted an action of forcible detainer before three justices of tbe peace, *726 to recover tbis land, but against whom be prosecuted tbe action, is not shown. That on tbe day of tbe trial, Reed claimed tbe land by virtue of a sheriff’s deed executed by Sheriff Neely to him, based upon two orders of sale from the circuit court of Huntingdon, in tbe case of R. J. Reed v. Elisha Shipman, and Whitney Haywood v. Elisha Shipman, cases in which the lands were attached as the property of Elisha Shipman, and that R. J. Reed afterwards obtained possession. The plaintiffs then introduced a sheriff's deed from Sheriff Neely to the defendant, and the records, or parts of the record of cases of tbe style above mentioned, upon which the deed purported to be founded, from which it appeared that said proceedings were void and of no validity to pass any title said Shipman may have had. This was the plaintiff’s case. No other evidence of title in Elisha Shipman was shown, nor was it shown that he was ever in possession of the land.
The question is, whether the heirs of Elisha Shipman were entitled to recover without proof of title, under the rule that where both parties claim under the same' third person, it is only necessary to prove the derivation of the title from him, without proving his title. The case of Wortham v. Cherry, 3 Head, 468, is relied upon to. sustain the judgment of the court in this case. The above rule was announced in t-hat case, and applied to a state of facts not very dissimilar from this, except that there Was evidence in tliat case of title in the plaintiffs, but for certain objections to the probate and registration of deeds to the plaintiffs’ ancestor. The defendant claimed under a tax sale of land, as land of the same person. This case seems to sustain the charge of the judge and the verdict in this.
It is objected that the sheriff’s deed introduced in evidence was not properly registered or probated, but as this deed was- only offered to show the defendant’s claim, and not as tbe title of the plaintiff, the. objection was immaterial. Affirm the judgment.